Amy K. Thomas, Nevada State Bar No. 9276
WOLKIN CURRAN, LLP
555 Montgomery Street, Suite 1100
San Francisco, California  94111
Telephone:    (415) 982-9390
Facsimile:     (415) 982-4328
Email: athomas@wolkincurran.com

Attorney for Plaintiff
PACIFIC EMPLOYERS INSURANCE COMPANY

Springel & Fink, LLP
2475 Village View Drive, Suite 250
Henderson, NV  89074
Designated Only For Purposes of Nevada Service (LR IA 10-1(a))

# UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEVADA

### SOUTHERN DIVISION

| | |
|---|---|
| PACIFIC EMPLOYERS INSURANCE COMPANY, a Pennsylvania corporation, | Case No. |
| Plaintiff, | |
| v. | **COMPLAINT FOR: DECLARATORY RELIEF AND EQUITABLE REIMBURSEMENT** |
| THE HERMAN KISHNER TRUST; IRWIN KISHNER, AS TRUSTEE FOR THE HERMAN KISHNER TRUST; JERRY ENGEL, AS TRUSTEE FOR THE HERMAN KISHNER TRUST; BANK OF AMERICA, AS TRUSTEE FOR THE HERMAN KISHNER TRUST; MARYLAND SQUARE SHOPPING CENTER, LLC; MARYLAND SQUARE, LLC; HERMAN KISHNER DBA MARYLAND SQUARE SHOPPING CENTER; and, DOES 1-25, inclusive, | |
| Defendants. | |

For its Complaint, Plaintiff PACIFIC EMPLOYERS INSURANCE COMPANY ("PEIC")

alleges and seeks relief as follows:

## SUBJECT MATTER JURISDICTION

1.    Jurisdiction is proper in this Court under 28 U.S.C. section 1332.  Plaintiff PEIC, and

all named defendants, respectively, are citizens of different states, and the dollar amount at issue is in

excess of $75,000.00.  With regard to the causes of action for declaratory relief, PEIC asserts that the

1  dollar amount at issue is in excess of $425,623.00, based on specific, underlying litigated claims

2  against Defendants.  With regard to the PEIC's cause of action for equitable reimbursement, the

3  dollar amount at issue is presently not less than $75,476.

4  **VENUE**

5       2.     Venue is proper in this Court, as the subject insurance contracts were issued to persons

6  and/or entities residing and doing business in Las Vegas, Nevada, and involved obligations to be

7  performed in Las Vegas, Nevada.  Venue is further proper in this Court because two underlying

8  litigated disputes giving rise to this Complaint are now venued in this Court, and a related case is

9  venued in the Eighth Judicial District Court for the State of Nevada.

10 **PARTIES**

11      3.     PEIC is a corporation organized and existing under the laws of the State of

12 Pennsylvania, with its principal place of business in Philadelphia, Pennsylvania.

13      4.     PEIC is informed and believes that Defendant THE HERMAN KISHNER TRUST

14 ("Kishner Trust") is a private trust created and administered in the State of Nevada.

15      5.     PEIC is informed and believes that Defendant IRWIN KISHNER, who is sued here

16 solely in his capacity as a Trustee for the Kishner Trust, resides and administers the Kishner Trust

17 within the State of Nevada.

18      6.     PEIC is informed and believes that Defendant JERRY ENGEL, , who is sued here

19 solely in his capacity as a Trustee for the Kishner Trust, resides and administers the Kishner Trust

20 within the State of Nevada.

21      7.     PEIC is informed and believes that Defendant BANK OF AMERICA, which is sued

22 here solely in its capacity as a Trustee for the Kishner Trust, is a corporation organized and existing

23 under the laws of the State of Delaware, with its principal place of business in Charlotte, North

24 Carolina, and administering the Kishner Trust within the State of Nevada.

25      8.     PEIC is informed and believes that Defendant MARYLAND SQUARE SHOPPING

26 CENTER, LLC ("MSSC") is a limited liability company organized and existing under the laws of the

27 State of Nevada, with its principal place of business in or near Las Vegas, Nevada.

28 ///

2

COMPLAINT FOR DECLARATORY RELIEF
AND EQUITABLE REIMBURSEMENT

CASE NO. PENDING

1    9.    PEIC is informed and believes that Defendant MARYLAND SQUARE, LLC

2  ("Maryland Square") is a limited liability company organized and existing under the laws of the State

3  of Nevada, with its principal place of business in or near Las Vegas, Nevada.

4    10.    With regard to Defendant HERMAN KISHNER DBA MARYLAND SQUARE

5  SHOPPING CENTER ("Herman Kishner DBA MSSC"), PEIC lacks sufficient information or belief

6  to affirmatively allege the location of any such business domicile or principal place of business,

7  except that PEIC believes and asserts in good-faith that Herman Kishner was an individual residing

8  and/or owning property in Las Vegas, Nevada prior to his death in or around 1974.

9    11.    Defendants Kishner Trust, Irwin Kishner and Jerry Engel are at times collectively

10  referred to within this Complaint as "Trust Defendants."

11    12.    On information and belief, PEIC alleges that there may be other persons or entities

12  which could or should be defendants in this action. The true names and capacities, whether

13  individual, corporate or otherwise, of Defendants DOES 1-25 are unknown to PEIC at this time, and

14  PEIC therefore sues the Doe Defendants, and each of them, by fictitious names and will request leave

15  of court to amend this Complaint to show the true names and capacities of those Defendants, if and as

16  such information becomes known to PEIC.

17  **GENERAL ALLEGATIONS**

18    13.    PEIC issued two consecutive, annual "Dry Cleaners and Laundries" insurance policies

19  to a Nevada corporation called Shapiro Brothers Investment Corp. dba Al Phillips The Cleaner

20  ("Shapiro Brothers"). Both of those policies bear the identifying designation DLP DO 52 22 24 2.

21  The first of those two insurance policies was in effect from July 1, 1981 to July 1, 1982 ("1981 PEIC

22  Policy"). The second of those two insurance policies was in effect from July 1, 1982 to November 7,

23  1982 ("1982 PEIC Policy"). PEIC is presently unable to submit certified copies of those policies; the

24  most complete versions of those policies presently available to PEIC are attached to this Complaint as

25  Exhibits 1 and 2, respectively. The terms of Exhibits 1 and 2 are incorporated by reference, as though

26  fully set forth within the text of this Complaint. The 1981 PEIC Policy and the 1982 PEIC Policy are

27  at times collectively referred to in this Complaint as "the PEIC Policies."

28  ///

3

14.     PEIC is informed and believes that Shapiro Brothers operated a dry-cleaning business in Las Vegas, Nevada, on property located at either 3661 South Maryland Parkway or 3659 South Maryland Parkway ("the Property").  The temporal period of the Shapiro Brothers' operation of said business is uncertain, but PEIC believes and alleges in good-faith that Shapiro Brothers operated said business during the effective dates of the PEIC Policies.

15.     On or about December 21, 2007, a class action lawsuit was filed in the Eighth Judicial District Court for the State of Nevada, by and on behalf of owners of homes located near the Property ("Class Action").  The complaint in the Class Action alleges that a chemical commonly known as PCE was and is found in soil and groundwater at and below the subject homes, and that the presence of PCE was the result of acts or omissions of owners and operators of premises on the Property, including the Shapiro Brothers.  The pleadings in the Class Action do not presently identify or assign dollar values to those plaintiffs' claims, but seek damages "in excess of $10,000.00."

16.     On or about November 19, 2008, a lawsuit was filed in this Court, by the same plaintiffs named in the Class Action, in which injunctive relief is sought pursuant to the Federal Resource Conservation and Recovery Act, in relation to the presence of PCE in soil and groundwater at and below the plaintiffs' properties ("RCRA Action").  The pleadings in the RCRA Action do not presently identify or assign dollar values to those plaintiffs' claims; PEIC believes and in good-faith alleges that the injunctive relief sought by plaintiffs in the RCRA Action has a dollar value in excess of $75,000.00.

17.     On or about May 9, 2009, a lawsuit was filed in this Court, by the State of Nevada, Department of Conservation and Natural Resources, Division of Environmental Protection ("NDEP"), in which the State seeks monetary and injunctive relief in relation to the presence of PCE in soil and groundwater at and near the Property ("NDEP Action").   The NDEP's complaint seeks reimbursement of $160,000.00 allegedly incurred "to determine whether PCE posed a potential human exposure in the neighborhood [near the Property] . . . ."  The NDEP's complaint also seeks reimbursement of $265,623.50 allegedly incurred by the NDEP "in responding to the potential human exposure to PCE resulting from releases from the [Property] and in addressing the presence and remediation of the plume."

4

1     18.     For purposes of this Complaint, the Class Action, RCRA Action and NDEP Action are

2   collectively referred to as "Underlying Actions."

3     19.     On or about January 25, 2008, attorney Sonja A. Inglin with the firm of Baker

4   Hostetler sent a letter to Brandywine Group, asserting that Brandywine Group was a representative of

5   PEIC, and communicating a tender of the Class Action on behalf of MSSC and the Kishner Trust,

6   under the PEIC Policies.

7     20.     On or about March 6, 2008, attorney Sonja A. Inglin with the firm of Baker Hostetler

8   sent a letter to Brandywine Group, asserting that Brandywine Group was a representative of PEIC,

9   and communicating a tender of potential demands by the NDEP, on behalf of MSSC and the Kishner

10   Trust, under the PEIC Policies.  Following the commencement of the NDEP Action, attorney Jason

11   Gerber of the Marquis & Aurbach firm sent a letter, dated May 20, 2009, to Resolute Management in

12   its capacity as PEIC's representative, in which letter the NDEP Action was tendered on behalf of the

13   Trust Defendants and MSSC.

14     21.     PEIC denied an insuring obligation to the Trust Defendants and MSSC, based on the

15   absence of any documentation or information indicating insured status under the PEIC Policies.

16     22.     On or about May 28, 2009, attorney Jason Gerber of the Marquis & Aurbach firm sent

17   a letter to Resolute Management in its capacity as PEIC's representative, which letter was

18   accompanied by an endorsement form listing "Maryland Square Shopping Center" as a designated

19   additional-insured under the 1981 PEIC Policy.  A copy of that endorsement form is attached as

20   Exhibit 3, and the language of Exhibit 3 is incorporated by reference, as though fully set forth within

21   the text of this Complaint.

22     23.     On July 31, 2009, PEIC's representative with Resolute Management issued a response

23   to the May 28, 2009 letter described in the preceding paragraph of this Complaint, which response

24   included PEIC's agreement to participate in the defense of MSSC in the Underlying Actions, subject

25   to reservation of rights.  Since that time, and subject to reservations of rights, PEIC has, at the request

26   of Defendants' counsel of record in the Underlying Actions, paid monies towards putative defense

27   costs for the Underlying Actions, which putative defense costs reflect and result from a single,

28   combined representation of MSSC and each of the other Defendants, within the Underlying Actions.

COMPLAINT FOR DECLARATORY RELIEF                                    CASE NO. PENDING
AND EQUITABLE REIMBURSEMENT

24.     Based on PEIC's subsequent investigation and review of public records, PEIC asserts that none of the Defendants had or have insured status under the PEIC Policies, and that none of the Defendants are entitled to coverage or any other benefits under the PEIC Policies.  PEIC accordingly files this Complaint seeking declaratory relief on issues of insured status for the various named Defendants, and reimbursement of monies paid by PEIC to date (and as the Underlying Actions proceed) towards billings presented to PEIC as costs of defense for the Underlying Actions.

## FIRST CAUSE OF ACTION

(Declaratory Relief Regarding the Absence of Insured Status for the Trust Defendants)

25.     PEIC reiterates and incorporates by reference the allegations contained in the preceding paragraphs of this Complaint, as though fully set forth in this cause of action.

26.     An actual and present controversy has arisen between PEIC and the Trust Defendants, in that PEIC questions and disputes the existence of insured status for the Trust Defendants, or any of them, under the PEIC Policies.

27.     With regard to the 1981 PEIC Policy, PEIC has no internal records or documentation creating or identifying insured status for the Kishner Trust, or for any trustees of the Kishner Trust. Further, the document attached to this Complaint as Exhibit 3 does not evidence or support insured status for the Kishner Trust, or for any trustees of the Kishner Trust.

28.     With regard to the 1982 PEIC Policy, PEIC has no internal records or documentation creating or identifying insured status for the Kishner Trust, or for any trustees of the Kishner Trust. To date, the Trust Defendants have not provided any documents or information indicating the existence of insured status for the Kishner Trust, or for any trustees of the Kishner Trust, under the 1982 PEIC Policy.

29.     Declaratory judgment is necessary and proper at this time with regard to the issue of whether the Trust Defendants, or any of them, have insured status under the PEIC Policies.

30.     PEIC has no plain, speedy, or adequate remedy at law in relation to the issues set forth in this Cause of Action, and so seeks declaratory relief as set forth in the below Prayer for Relief.

///

///

COMPLAINT FOR DECLARATORY RELIEF
AND EQUITABLE REIMBURSEMENT                              CASE NO. PENDING

1        **SECOND CAUSE OF ACTION**

2        (Declaratory Relief Regarding the Absence of Insured Status for MSSC)

3        31.     PEIC reiterates and incorporates by reference the allegations contained in the

4    preceding paragraphs of this Complaint, as though fully set forth in this cause of action.

5        32.     An actual and present controversy has arisen between PEIC and MSSC, in that PEIC

6    questions and disputes the existence of insured status for MSSC under the PEIC Policies.

7        33.     With regard to both the 1981 PEIC Policy and 1982 PEIC Policy, PEIC has no internal

8    records or documentation creating or identifying insured status for MSSC.

9        34.     PEIC has been provided with an endorsement form referring to "Maryland Square

10   Shopping Center" as an additional-insured under the 1981 PEIC Policy.  PEIC disputes that said form

11   did or does provide insured status to MSSC, because MSSC was and is a business entity created in

12   June 1999, many years after the termination of the 1981 PEIC Policy.

13       35.     According to the records of the Nevada Secretary of State, MSSC filed Articles of

14   Organization on June 11, 1999.  Those Articles state that the term of MSSC "shall begin when these

15   Articles of Organization are filed . . . ."

16       36.     MSSC's Articles of Organization do not reference any alleged predecessor entity, or

17   any alleged successor status, and the records of the Clark County Assessor, as presently available to

18   PEIC, do not show any entity named "Maryland Square Shopping Center" having any ownership

19   interest in the Property prior to June 21, 1999.  Even if MSSC is or is alleged to be a successor entity

20   to a prior "Maryland Square Shopping Center" business or entity, PEIC disputes the legal and/or

21   equitable propriety of MSSC's receipt of any benefit or insured status under the 1981 PEIC Policy.

22       37.     Declaratory judgment is necessary and proper at this time with regard to the issue of

23   whether MSSC has insured status under the PEIC Policies.

24       38.     PEIC has no plain, speedy, or adequate remedy at law in relation to the issues set forth

25   in this Cause of Action, and so seeks declaratory relief as set forth in the below Prayer for Relief.

26   ///

27   ///

28   ///

7

COMPLAINT FOR DECLARATORY RELIEF                    CASE NO. PENDING
AND EQUITABLE REIMBURSEMENT

1

**THIRD CAUSE OF ACTION**

2

(Declaratory Relief Regarding the Absence of Insured Status for Maryland Square)

3        39.    PEIC reiterates and incorporates by reference the allegations contained in the

4    preceding paragraphs of this Complaint, as though fully set forth in this cause of action.

5        40.    An actual and present controversy has arisen between PEIC and Maryland Square, in

6    that PEIC questions and disputes the existence of insured status for Maryland Square under the PEIC

7    Policies.

8        41.    With regard to both the 1981 PEIC Policy and 1982 PEIC Policy, PEIC has no internal

9    records or documentation creating or identifying insured status for Maryland Square.

10       42.    To date, PEIC has not been provided any documents or information indicating insured

11   status for Maryland Square.

12       43.    PEIC has been provided with an endorsement form referring to "Maryland Square

13   Shopping Center" as an additional-insured under the 1981 PEIC Policy.  PEIC disputes that said form

14   did or does provide insured status to Maryland Square, because: (1) the business name differs from

15   that shown on the endorsement form; and, (2) Maryland Square was and is a business entity created in

16   September 2005, many years after the termination of the 1981 PEIC Policy.

17       44.    According to the records of the Nevada Secretary of State, Maryland Square filed

18   Articles of Organization on September 6, 2005.  Those Articles do not reference any alleged

19   predecessor entity, or any alleged successor status.  Further, even if Maryland Square is or is alleged

20   to be a successor entity in relation to a prior "Maryland Square Shopping Center" business or entity,

21   PEIC disputes the legal and/or equitable propriety of Maryland Square's receipt of any benefit or

22   insured status under the 1981 PEIC Policy.

23       45.    Declaratory judgment is necessary and proper at this time with regard to the issue of

24   whether Maryland Square has insured status under the PEIC Policies.

25       46.    PEIC has no plain, speedy, or adequate remedy at law in relation to the issues set forth

26   in this Cause of Action, and so seeks declaratory relief as set forth in the below Prayer for Relief.

27   ///

28   ///

COMPLAINT FOR DECLARATORY RELIEF                          CASE NO. PENDING
AND EQUITABLE REIMBURSEMENT

**FOURTH CAUSE OF ACTION**

(Declaratory Relief Regarding the Absence of Insured Status for Herman Kishner DBA MSSC)

47.     PEIC reiterates and incorporates by reference the allegations contained in the preceding paragraphs of this Complaint, as though fully set forth in this cause of action.

48.     An actual and present controversy has arisen between PEIC and Herman Kishner DBA MSSC, in that PEIC questions and disputes the existence of insured status for Herman Kishner DBA MSSC under the PEIC Policies.

49.     With regard to both the 1981 PEIC Policy and 1982 PEIC Policy, PEIC has no internal records or documentation creating or identifying insured status for Herman Kishner DBA MSSC.

50.     To date, PEIC has not been provided any documents or information indicating insured status for Herman Kishner DBA MSSC.

51.     PEIC has been provided with an endorsement form referring to "Maryland Square Shopping Center" as an additional-insured under the 1981 PEIC Policy.  PEIC disputes that said form did or does provide insured status to Herman Kishner DBA MSSC, because: (1) the business name differs from that shown on the endorsement form; and, (2) Herman Kishner passed away in or around 1974, prior to the inception of the 1981 PEIC Policy, and thus Herman Kishner could not have been operating via a "doing business as" name during the effective dates of the 1981 PEIC Policy.

52.     Declaratory judgment is necessary and proper at this time with regard to the issue of whether Herman Kishner DBA MSSC had or has insured status under the PEIC Policies.

53.     PEIC has no plain, speedy, or adequate remedy at law in relation to the issues set forth in this Cause of Action, and so seeks declaratory relief as set forth in the below Prayer for Relief.

**FIFTH CAUSE OF ACTION**

(Alternative Declaratory Relief Regarding

Lack of Coverage for MSSC in the Underlying Actions)

54.     PEIC reiterates and incorporates by reference the allegations contained in the preceding paragraphs of this Complaint, as though fully set forth in this cause of action.

///

///

9

55. In the event of a judicial determination that MSSC has status as an insured under the 1981 PEIC Policy, PEIC seeks the separate and alternative relief of a judicial determination that MSSC is not entitled to any coverage under the 1981 PEIC Policy in relation to any of the Underlying Actions, because MSSC's alleged liability in the Underlying Actions arises solely from MSSC's ownership of the Property, which ownership did not commence until June 21, 1999, well after termination of the 1981 PEIC Policy.

56. The liability insurance provisions set forth in the 1981 PEIC Policy state:

> [PEIC] will pay on behalf of the Insured [subject to exclusions] all sums which the Insured shall become legally obligated to pay as damages because of:
>
> A – Personal Injury or
>
> B – Property Damage
>
> to which this insurance applies, either of which occurs during the policy period within the policy territory, and caused by an occurrence as defined herein.

57. The Underlying Actions, and each of them, allege that Defendants, and each of them, are liable for damage to real property. Pursuant to the above-quoted insurance provisions, PEIC's insuring obligations for alleged third-party property damage are limited to alleged third-party property damage occurring during the 1981 PEIC Policy period, namely, from July 1, 1981 to July 1, 1982.

58. MSSC did not exist prior to 1999, and did not have any ownership interest in the Property until 1999. Based on these facts, MSSC does not and cannot face judgment or any other liability in the Underlying Actions for any property damage that might have occurred during the 1981 PEIC Policy period. Correspondingly, even if MSSC had or has insured status under the 1981 PEIC Policy, MSSC would not be entitled to coverage under the 1981 PEIC Policy in relation to the Underlying Actions, because MSSC's potential liability in the Underlying Actions would not be based on property damage occurring during the 1981 PEIC Policy period.

59. PEIC has no plain, speedy, or adequate remedy at law in relation to the issues set forth in this Cause of Action, and so seeks declaratory relief as set forth in the below Prayer for Relief.

///

10

COMPLAINT FOR DECLARATORY RELIEF
AND EQUITABLE REIMBURSEMENT

CASE NO. PENDING

1

## SIXTH CAUSE OF ACTION

2

(Alternative Declaratory Relief Regarding

3

Lack of Coverage for Maryland Square in the Underlying Actions)

4

60.     PEIC reiterates and incorporates by reference the allegations contained in the

5

preceding paragraphs of this Complaint, as though fully set forth in this cause of action.

6

61.     In the event of a judicial determination that Maryland Square has status as an insured

7

under the 1981 PEIC Policy, PEIC seeks the separate and alternative relief of a judicial determination

8

that Maryland Square is not entitled to any coverage under the 1981 PEIC Policy in relation to any of

9

the Underlying Actions, because Maryland Square's alleged liability in the Underlying Actions arises

10

solely from Maryland Square's ownership of the Property, which ownership did not commence until

11

September 19, 2005, well after termination of the 1981 PEIC Policy.

12

62.     The liability insurance provisions set forth in the 1981 PEIC Policy state:

13

[PEIC] will pay on behalf of the Insured [subject to exclusions] all
sums which the Insured shall become legally obligated to pay as

14

damages because of:

15

A – Personal Injury or

16

B – Property Damage

17

to which this insurance applies, either of which occurs during the policy
period within the policy territory, and caused by an occurrence as

18

defined herein.

19

63.     The Underlying Actions, and each of them, allege that Defendants, and each of them,

20

are liable for damage to real property.  Pursuant to the above-quoted insurance provisions, PEIC's

21

insuring obligations for alleged third-party property damage are limited to alleged third-party

22

property damage occurring during the 1981 PEIC Policy period, namely, from July 1, 1981 to July 1,

23

1982.

24

64.     Maryland Square did not exist prior to 2005, and did not have any ownership interest

25

in the Property until 2005.  Based on these facts, Maryland Square does not and cannot face judgment

26

or any other liability in the Underlying Actions for any property damage that might have occurred

27

during the 1981 PEIC Policy period.  Correspondingly, even if Maryland Square had or has insured

28

status under the 1981 PEIC Policy, Maryland Square would not be entitled to coverage under the

11

COMPLAINT FOR DECLARATORY RELIEF                          CASE NO. PENDING
AND EQUITABLE REIMBURSEMENT

1   1981 PEIC Policy in relation to the Underlying Actions, because Maryland Square's potential liability

2   in the Underlying Actions would not be based on property damage occurring during the 1981 PEIC

3   Policy period.

4      65.   PEIC has no plain, speedy, or adequate remedy at law in relation to the issues set forth

5   in this Cause of Action, and so seeks declaratory relief as set forth in the below Prayer for Relief.

6                                    **SEVENTH CAUSE OF ACTION**

7                          (Alternative Declaratory Relief Regarding Lack of Coverage

8                           for Herman Kishner DBA MSSC in the Underlying Actions)

9      66.   PEIC reiterates and incorporates by reference the allegations contained in the

10   preceding paragraphs of this Complaint, as though fully set forth in this cause of action.

11      67.   In the event of a judicial determination that Herman Kishner DBA MSSC had or has

12   status as an insured under the 1981 PEIC Policy, PEIC seeks the separate and alternative relief of a

13   judicial determination that Herman Kishner DBA MSSC is not entitled to any coverage under the

14   1981 PEIC Policy in relation to the RCRA Action, because: (a) Herman Kishner DBA MSSC's

15   potential liability in the RCRA Action arises solely from alleged ownership of the Property, which

16   ownership does not appear in the chain-of-title records of the Clark County, Nevada Assessor; and,

17   (b) Herman Kishner passed away in or about 1974, so he could not have been acting or operating as a

18   "doing-business-as" during the effective dates of the 1981 PEIC Policy.

19      68.   The liability insurance provisions set forth in the 1981 PEIC Policy state:

20        [PEIC] will pay on behalf of the Insured [subject to exclusions] all
          sums which the Insured shall become legally obligated to pay as
21        damages because of:

22        A – Personal Injury or

23        B – Property Damage

24        to which this insurance applies, either of which occurs during the policy
          period within the policy territory, and caused by an occurrence as
25        defined herein.

26      69.   The Underlying Actions, and each of them, allege that Defendants, and each of them,

27   are liable for damage to real property.  Pursuant to the above-quoted insurance provisions, PEIC's

28   insuring obligations for alleged third-party property damage are limited to alleged third-party

                                              12

COMPLAINT FOR DECLARATORY RELIEF                          CASE NO. PENDING
AND EQUITABLE REIMBURSEMENT

1   property damage occurring during the 1981 PEIC Policy period, namely, from July 1, 1981 to July 1,

2   1982.

3         70.      Herman Kishner DBA MSSC does not appear in the Clark County Assessor's chain-

4   of-title records for the Property, including the time period during which the 1981 PEIC Policy was in

5   effect.  Further, Herman Kishner was no longer living when the 1981 PEIC Policy incepted, and thus

6   could not have been "doing-business-as MSSC" or under any other business name.  Based on these

7   facts, Herman Kishner DBA MSSC does not and cannot face judgment or any other liability in the

8   RCRA Action (or any of the Underlying Actions) for any property damage that might have occurred

9   during the 1981 PEIC Policy period.  Correspondingly, even if Herman Kishner DBA MSSC had or

10   has insured status under the 1981 PEIC Policy, Herman Kishner DBA MSSC would not be entitled to

11   coverage under the 1981 PEIC Policy in relation to the Underlying Actions, because Herman Kishner

12   DBA MSSC's potential liability in the Underlying Actions would not be based on property damage

13   occurring during the 1981 PEIC Policy period.

14         71.      PEIC has no plain, speedy, or adequate remedy at law in relation to the issues set forth

15   in this Cause of Action, and so seeks declaratory relief as set forth in the below Prayer for Relief.

16   **EIGHTH CAUSE OF ACTION**

17   (Alternative Declaratory Relief Regarding Lack of Coverage Based on

18   Absence of Tender By Maryland Square and Herman Kishner DBA MSSC)

19         72.      PEIC reiterates and incorporates by reference the allegations contained in the

20   preceding paragraphs of this Complaint, as though fully set forth in this cause of action.

21         73.      In the event of a judicial determination that Maryland Square and/or Herman Kishner

22   DBA MSSC had or have status as an insured under the 1981 PEIC Policy, PEIC seeks the separate

23   and alternative relief of a judicial determination that neither Maryland Square nor Herman Kishner

24   DBA MSSC tendered the Underlying Actions, or any of them, to PEIC under the PEIC Policies, and

25   thus PEIC had and presently has no obligation to defend, or contribute towards the defense of,

26   Maryland Square and Herman Kishner DBA MSSC.

27         74.      PEIC has no plain, speedy, or adequate remedy at law in relation to the issues set forth

28   in this Cause of Action, and so seeks declaratory relief as set forth in the below Prayer for Relief.

COMPLAINT FOR DECLARATORY RELIEF              CASE NO. PENDING
AND EQUITABLE REIMBURSEMENT

**NINTH CAUSE OF ACTION**

(Alternative Declaratory Relief Regarding

Timing of Property Damage)

75.    PEIC reiterates and incorporates by reference the allegations contained in the preceding paragraphs of this Complaint, as though fully set forth in this cause of action.

76.    In the event of a judicial determination that Defendants, or any of them, had or have status as an insured under the 1981 PEIC Policy, PEIC seeks the separate and alternative relief of a judicial determination that PEIC does not and will not have any indemnity obligation to Defendants, or any of them, under the 1981 PEIC Policy for any of the Underlying Actions, unless and until it is established that the alleged damage to property put at issue in the Underlying Actions occurred during the effective dates of the 1981 PEIC Policy.

77.    The liability insurance provisions set forth in the 1981 PEIC Policy state:

> [PEIC] will pay on behalf of the Insured [subject to exclusions] all sums which the Insured shall become legally obligated to pay as damages because of:
>
> A – Personal Injury or
>
> B – Property Damage
>
> to which this insurance applies, either of which occurs during the policy period within the policy territory, and caused by an occurrence as defined herein.

78.    The Underlying Actions, and each of them, allege that Defendants, and each of them, are liable for damage to real property.  Pursuant to the above-quoted insurance provisions, PEIC's insuring obligations for alleged third-party property damage are limited to damage occurring during the 1981 PEIC Policy period, namely, from July 1, 1981 to July 1, 1982.

79.    PEIC asserts that no indemnity coverage is available under the 1981 PEIC Policy for the Underlying Actions, or any of them, unless and until it is established that the alleged damage to property, in part or in whole, occurred between July 1, 1981 to July 1, 1982.

80.    PEIC has no plain, speedy, or adequate remedy at law in relation to the issues set forth in this Cause of Action, and so seeks declaratory relief as set forth in the below Prayer for Relief.

///

COMPLAINT FOR DECLARATORY RELIEF
AND EQUITABLE REIMBURSEMENT

CASE NO. PENDING

**TENTH CAUSE OF ACTION**

(Alternative Declaratory Relief Regarding

Application of the Pollution Exclusion Clause)

81.     PEIC reiterates and incorporates by reference the allegations contained in the preceding paragraphs of this Complaint, as though fully set forth in this cause of action.

82.     In the event of a judicial determination that Defendants, or any of them, had or have status as an insured under the 1981 PEIC Policy, PEIC seeks the separate and alternative relief of a judicial determination that PEIC does not and will not have any indemnity obligation to Defendants, or any of them, under the 1981 PEIC Policy for any of the Underlying Actions, unless and until it is established that any of the alleged property damage at issue in the Underlying Actions resulted from an event or events which were both sudden and accidental.

83.     The 1981 PEIC Policy contains an exclusion to coverage for property damage arising from the release or dispersal of contaminants, which reads as follows:

> Personal injury of property damage arising out of the discharge, dispersal, release or escape of smoke, vapors, soot, fumes, acids, alkalis, toxic chemicals, liquids or gases, waste materials or other irritants, contaminants or pollutants into or upon land, the atmosphere or any water course or body of water; but this exclusion does not apply if such discharge, dispersal, release or escape is sudden and accidental[.]

84.     The Underlying Actions, and each of them, are premised upon and allege the existence of damage to property caused by the presence of PCE in soil and groundwater, due in whole or in part to discharge, release, escape and/or dispersal of PCE at or upon the Property.  PCE qualifies as an acid, toxic chemical, irritant, contaminant and/or pollutant.  The claims and allegations in the Underlying Actions thus fall within the scope of the above-quoted coverage exclusion.  Under these circumstances, and based on the above-quoted policy language, PEIC asserts that no indemnity coverage is available under the 1981 PEIC Policy for the Underlying Actions, or any of them, unless and until it is established that the exclusion's exception for "sudden and accidental" events is applicable.

85.     PEIC has no plain, speedy, or adequate remedy at law in relation to the issues set forth in this Cause of Action, and so seeks declaratory relief as set forth in the below Prayer for Relief.

15

1

## ELEVENTH CAUSE OF ACTION

2

(Alternative Declaratory Relief Regarding

3

Categorization of Relief Sought or Result Obtained in Underlying Actions)

4   86.   PEIC reiterates and incorporates by reference the allegations contained in the

5   preceding paragraphs of this Complaint, as though fully set forth in this cause of action.

6   87.   In the event of a judicial determination that Defendants, or any of them, had or have

7   status as an insured under the 1981 PEIC Policy, PEIC seeks the separate and alternative relief of a

8   judicial determination that any payments which are or may be sought from PEIC in connection with

9   the Underlying Actions, or any of them, for environmental investigation, testing, planning,

10  monitoring and/or remediation work, would constitute payments serving to deplete the 1981 PEIC

11  Policy's monetary limit of coverage, rather than payments under the 1981 PEIC Policy's

12  "supplementary payments" provisions.

13  88.   PEIC asserts that any agreement, ruling, administrative or court order, judgment or

14  similar event, which requires Defendants, or any of them, to perform environmental investigation,

15  testing, planning, monitoring and/or remediation work, would constitute or result in legal liability for

16  the Defendants who are subject to such agreement, ruling, order or judgment.  If and to the extent that

17  PEIC may be asked or required to make any payments of monies towards such legal liability, those

18  payments would be properly categorized by PEIC as either indemnity or settlement payments which

19  would serve to deplete the monetary limits of coverage.  Those payments would not be properly

20  categorized as "supplementary payments" under the language of the 1981 PEIC Policy.

21  89.   PEIC has no plain, speedy, or adequate remedy at law in relation to the issues set forth

22  in this Cause of Action, and so seeks declaratory relief as set forth in the below Prayer for Relief.

23

## TWELFTH CAUSE OF ACTION

24

(Alternative Declaratory Relief Regarding

25

Categorization of NDEP Reimbursement)

26  90.   PEIC reiterates and incorporates by reference the allegations contained in the

27  preceding paragraphs of this Complaint, as though fully set forth in this cause of action.

28  ///

16

91.    In the event of a judicial determination that Defendants, or any of them, had or have status as an insured under the 1981 PEIC Policy, PEIC seeks the separate and alternative relief of a judicial determination that any payments which are or may be sought from PEIC to satisfy the NDEP's claims for reimbursement would constitute payments serving to deplete the 1981 PEIC Policy's monetary limit of coverage, rather than payments under the 1981 PEIC Policy's "supplementary payments" provisions.

92.    PEIC asserts that any agreement, ruling, administrative or court order, judgment or similar event, which requires Defendants, or any of them, to reimburse the NDEP for expenses or costs incurred by the NDEP in relation to the Property or nearby real property, would constitute or result in legal liability for the Defendants who are subject to such agreement, ruling, order or judgment.  If and to the extent that PEIC may be asked or required to make any payments of monies towards such legal liability, those payments would be properly categorized by PEIC as either indemnity or settlement payments which would serve to deplete the monetary limits of coverage. Those payments would not be properly categorized as "supplementary payments" under the language of the 1981 PEIC Policy.

93.    PEIC has no plain, speedy, or adequate remedy at law in relation to the issues set forth in this Cause of Action, and so seeks declaratory relief as set forth in the below Prayer for Relief.

## THIRTEENTH CAUSE OF ACTION

(Alternative Declaratory Relief Regarding

Monetary Limits of Coverage)

94.    PEIC reiterates and incorporates by reference the allegations contained in the preceding paragraphs of this Complaint, as though fully set forth in this cause of action.

95.    In the event of a judicial determination that Defendants, or any of them, had or have status as an insured under the 1981 PEIC Policy, PEIC seeks the separate and alternative relief of a judicial determination that the applicable monetary limit of potential coverage under the 1981 PEIC Policy for any agreement, ruling, administrative or court order, judgment or similar event in or arising from the Underlying Actions, or any of them, would be $1,000,000.00 (one million dollars).

///

17

COMPLAINT FOR DECLARATORY RELIEF
AND EQUITABLE REIMBURSEMENT

CASE NO. PENDING

96.     The 1981 PEIC Policy's declarations clearly and plainly state that monetary limit of coverage for personal injury liability and property damage liability is "$1,000,000 Per Occurrence[,] $1,000,000 Aggregate." The 1981 PEIC Policy's coverage form provisions governing policy limits state:

> a.      Regardless of the number of (1) insureds . . . (2) [persons] who sustain personal injury or property damage, or (3) claims made or suits brought . . . the Company's limit of liability for all damages . . . as the result of any one occurrence shall be only for the amount stated in the Declarations under Section II . . . as applicable to "each occurrence."

> b.  Subject to the above provisions respecting "each occurrence" the total liability of the Company for all damages . . . included within (1) the completed operations and (2) the products hazard, or any combination thereof shall not exceed the limit of liability stated in the Declarations under Section II . . . as "aggregate." If no limit of liability is stated as applying to "aggregate" the limit shown as applying to "each occurrence" shall also apply as the aggregate limit of liability.

> c.  Aggregate limits of liability stated in the Declarations shall apply separately to each annual period, commencing with policy inception.

> d.  For the purposes of determining the limit of the Company's liability, property damage arising out of continuous or repeated exposure to substantially the same general conditions shall be considered as arising out of one occurrence.

97.     Based on the 1981 PEIC Policy's declarations, and the above-quoted policy provisions, PEIC asserts that the applicable monetary limit of potential coverage under the 1981 PEIC Policy for any agreement, ruling, administrative or court order, judgment or similar event in or arising from the Underlying Actions, or any of them, would be $1,000,000.00 (one million dollars).

98.     PEIC has no plain, speedy, or adequate remedy at law in relation to the issues set forth in this Cause of Action, and so seeks declaratory relief as set forth in the below Prayer for Relief.

## FOURTEENTH CAUSE OF ACTION

(Alternative Declaratory Relief Regarding

Additional-Insured Endorsement Form)

99.     PEIC reiterates and incorporates by reference the allegations contained in the preceding paragraphs of this Complaint, as though fully set forth in this cause of action.

100.    In the event of a judicial determination that Defendants, or any of them, had or have status as an insured under the 1981 PEIC Policy, and that the document attached to this Complaint as Exhibit 3 was and is a valid, authorized and binding part of the 1981 PEIC Policy, then

18

1    PEIC seeks the separate and alternative relief of a judicial determination that the Defendants who had

2    or have status as insureds under the 1981 PEIC Policy are not entitled to any insurance coverage

3    under the 1981 PEIC Policy for any claims or obligations arising from any agreement(s), past, present

4    or future, through which liability is accepted or assumed.

5        101.    The document attached to this Complaint as Exhibit 3 contains a specific coverage

6    exclusion, for "liability assumed by [the additional insured(s)] under any contract or agreement."

7        102.    If and to the extent that Defendants, or any of them, had or have status as additional-

8    insureds under the 1981 PEIC Policy based on the document attached to this Complaint as Exhibit 3,

9    and if and to the extent those additional-insureds entered into, or enter into, any contract or agreement

10   which includes or results in the additional-insureds' assumption of liability, then the above-quoted

11   exclusionary language would serve to bar insurance coverage under the 1981 PEIC Policy for the

12   liability so assumed.

13       103.    PEIC's position regarding the assumption of liability is further supported by the 1981

14   PEIC Policy's coverage form provisions, which state than an insured under the policy "shall not,

15   except at his own cost, voluntarily make any payment, assume any obligation or incur any expense,

16   other than for first aid to others at the time of accident."

17       104.    PEIC has no plain, speedy, or adequate remedy at law in relation to the issues set forth

18   in this Cause of Action, and so seeks declaratory relief as set forth in the below Prayer for Relief.

19                         **FIFTEENTH CAUSE OF ACTION**

20                          (Equitable Reimbursement)

21       105.    PEIC reiterates and incorporates by reference the allegations contained in the

22   preceding paragraphs of this Complaint, as though fully set forth in this cause of action.

23       106.    Counsel of record for Defendants in the Underlying Actions demanded that PEIC

24   participate in defense of the Underlying Actions.  PEIC agreed to participate in defense, subject to

25   reservations or rights, and PEIC has paid in excess of $75,000.00 towards billings presented to PEIC

26   as costs of defense for the Underlying Actions.  All such payments by PEIC were made subject to

27   reservations of rights, including rights to seek reimbursement.

28   ///

COMPLAINT FOR DECLARATORY RELIEF                    CASE NO. PENDING
AND EQUITABLE REIMBURSEMENT

1    107.    Defendants, through counsel, have sought and received the benefit of PEIC's payments

2    towards putative defense costs in the Underlying Actions.

3    108.    PEIC asserts that none of the Defendants were or are entitled to insured status under

4    the PEIC Policies, and thus none of the Defendants were or are entitled to receive the benefit of

5    PEIC's payments towards putative defense costs in the Underlying Actions.  Under these

6    circumstances, considerations of equity require that Defendants reimburse PEIC for all monies paid

7    by PEIC towards putative defense costs in the Underlying Actions.

8    109.    PEIC seeks equitable reimbursement in an amount not less than $75,476.98.

9    **PRAYER FOR RELIEF**

10   WHEREFORE, PEIC prays for the following relief and judgment.

11   For the First Cause of Action, PEIC seeks a judicial declaration that none of the Trust

12   Defendants had, have or are entitled to insured status under the PEIC Policies.

13   For the Second Cause of Action, PEIC seeks a judicial declaration that MSSC did not and

14   does not have, and is not entitled to, insured status under the PEIC Policies.

15   For the Third Cause of Action, PEIC seeks a judicial declaration that Maryland Square did not

16   and does not have, and is not entitled to, insured status under the PEIC Policies.

17   For the Fourth Cause of Action, PEIC seeks a judicial declaration that Herman Kishner DBA

18   MSSC did not and does not have, and is not entitled to, insured status under the PEIC Policies.

19   For the Fifth Cause of Action, in the event of a judicial determination that MSSC had or has

20   status as an insured under the 1981 PEIC Policy, PEIC seeks the separate and alternative relief of a

21   judicial determination that MSSC is not entitled to any coverage under the 1981 PEIC Policy in

22   relation to any of the Underlying Actions, based on the timing of MSSC's existence and ownership of

23   the Property.

24   For the Sixth Cause of Action, in the event of a judicial determination that Maryland Square

25   had or has status as an insured under the 1981 PEIC Policy, PEIC seeks the separate and alternative

26   relief of a judicial determination that Maryland Square is not entitled to any coverage under the 1981

27   PEIC Policy in relation to any of the Underlying Actions, based on the timing of Maryland Square's

28   existence and ownership of the Property.

COMPLAINT FOR DECLARATORY RELIEF                              CASE NO. PENDING
AND EQUITABLE REIMBURSEMENT

1    For the Seventh Cause of Action, in the event of a judicial determination that Herman Kishner

2  DBA MSSC had or has status as an insured under the 1981 PEIC Policy, PEIC seeks the separate and

3  alternative relief of a judicial determination that Herman Kishner DBA MSSC is not entitled to any

4  coverage under the 1981 PEIC Policy in relation to the RCRA Action, based on the absence of any

5  past ownership interest in the Property, and the timing of Herman Kishner death.

6    For the Eighth Cause of Action, in the event of a judicial determination that Maryland Square

7  and/or Herman Kishner DBA MSSC had or have status as an insured under the 1981 PEIC Policy,

8  PEIC seeks the separate and alternative relief of a judicial determination that neither Maryland Square

9  nor Herman Kishner DBA MSSC tendered the Underlying Actions, or any of them, to PEIC under the

10  PEIC Policies, and thus PEIC had and presently has no obligation to defend, or contribute towards the

11  defense of, Maryland Square and Herman Kishner DBA MSSC.

12    For the Ninth Cause of Action, in the event of a judicial determination that Defendants, or any

13  of them, had or have status as an insured under the 1981 PEIC Policy, PEIC seeks the separate and

14  alternative relief of a judicial determination that PEIC does not and will not have any indemnity

15  obligation to Defendants, or any of them, under the 1981 PEIC Policy for any of the Underlying

16  Actions, unless and until it is established that the alleged damage to property put at issue in the

17  Underlying Actions occurred during the effective dates of the 1981 PEIC Policy

18    For the Tenth Cause of Action, in the event of a judicial determination that Defendants, or any

19  of them, had or have status as an insured under the 1981 PEIC Policy, PEIC seeks the separate and

20  alternative relief of a judicial determination that PEIC does not and will not have any indemnity

21  obligation to Defendants, or any of them, under the 1981 PEIC Policy for any of the Underlying

22  Actions, unless and until it is established that any of the alleged property damage at issue in the

23  Underlying Actions resulted from an event or events which were both sudden and accidental.

24    For the Eleventh Cause of Action, in the event of a judicial determination that Defendants, or

25  any of them, had or have status as an insured under the 1981 PEIC Policy, PEIC seeks the separate

26  and alternative relief of a judicial determination that any payments which are or may be sought from

27  PEIC in connection with the Underlying Actions, or any of them, for environmental investigation,

28  testing, planning, monitoring and/or remediation work, would constitute payments serving to deplete

21

COMPLAINT FOR DECLARATORY RELIEF                    CASE NO. PENDING
AND EQUITABLE REIMBURSEMENT

1    the 1981 PEIC Policy's monetary limit of coverage, rather than payments under the 1981 PEIC

2    Policy's "supplementary payments" provisions.

3           For the Twelfth Cause of Action, in the event of a judicial determination that Defendants, or

4    any of them, had or have status as an insured under the 1981 PEIC Policy, PEIC seeks the separate

5    and alternative relief of a judicial determination that any payments which are or may be sought from

6    PEIC to satisfy the NDEP's claims for reimbursement would constitute payments serving to deplete

7    the 1981 PEIC Policy's monetary limit of coverage, rather than payments under the 1981 PEIC

8    Policy's "supplementary payments" provisions.

9           For the Thirteenth Cause of Action, in the event of a judicial determination that Defendants, or

10   any of them, had or have status as an insured under the 1981 PEIC Policy, PEIC seeks the separate

11   and alternative relief of a judicial determination that the applicable monetary limit of potential

12   coverage under the 1981 PEIC Policy for any agreement, ruling, administrative or court order,

13   judgment or similar event in or arising from the Underlying Actions, or any of them, would be

14   $1,000,000.00 (one million dollars).

15          For the Fourteenth Cause of Action, in the event of a judicial determination that Defendants,

16   or any of them, had or have status as an insured under the 1981 PEIC Policy, and that the document

17   attached to this Complaint as Exhibit 3 was and is a valid, authorized and binding part of the 1981

18   PEIC Policy, then PEIC seeks the separate and alternative relief of a judicial determination that the

19   Defendants who had or have status as insureds under the 1981 PEIC Policy are not entitled to any

20   insurance coverage under the 1981 PEIC Policy for any claims or obligations arising from any

21   agreement(s), past, present or future, through which liability is accepted or assumed.

22          For the Fifteenth Cause of Action, PEIC seeks equitable reimbursement of all monies paid and

23   being paid by PEIC towards putative defense costs in the Underlying Actions, which payments at this

24   time total not less than $75,476.98, and which payments are ongoing.  The final amount of those

25   payments will be presented and proven during or prior to trial.

26   ///

27   ///

28   ///

COMPLAINT FOR DECLARATORY RELIEF                          CASE NO. PENDING
AND EQUITABLE REIMBURSEMENT

1    For all Causes of Action, PEIC additionally seeks and requests any other and further relief as

2    the Court may deem just and proper in this case.

3

4    Dated:  June 10, 2010

5    By: _____

6    Amy K. Thomas, Nevada Bar No. 9276
     WOLKIN • CURRAN, LLP
7    555 Montgomery Street, Suite 1100
     San Francisco, California 94111
8    Telephone: (415) 982-9390
     Facsimile: (415) 982-4328
9    Email: athomas@wolkincurran.com

10   Attorneys for Plaintiff
     PACIFIC EMPLOYERS INSURANCE COMPANY

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

23

COMPLAINT FOR DECLARATORY RELIEF                    CASE NO. PENDING
AND EQUITABLE REIMBURSEMENT