1  Steven J. Parsons
   Nevada Bar No. 363
2  LAW OFFICES OF STEVEN J. PARSONS
   7201 W. Lake Mead Blvd., Ste. 108
3  Las Vegas, NV 89128-8354
   (702) 384-9900
4  (702) 384-5900 (fax)
   Steve@SJPlawyer.com
5
   Robert G. Russell, Jr.
6  Nevada Bar No. 5475
   Scott R. Omohundro
7  Nevada Bar No. 7472
   PROCOPIO, CORY, HARGREAVES & SAVITCH LLP
8  525 B St., Ste. 2200
   San Diego, CA 92101-4401
9  (619) 238.1900
   (619) 235.0398 (fax)
10 Bob.Russell@procopio.com
   Scott.Omohundro@procopio.com
11
   Attorneys for Defendants
12 THE HERMAN KISHNER TRUST; IRWIN
   KISHNER, as Trustee for the Herman Kishner
13 Trust; JERRY ENGEL, as Trustee for the
   Herman Kishner Trust; BANK OF AMERICA,
14 N.A., as Trustee for the Herman Kishner Trust;
   MARYLAND SQUARE SHOPPING CENTER, LLC

15

16                    UNITED STATES DISTRICT COURT

17                         DISTRICT OF NEVADA

18 PACIFIC EMPLOYERS INSURANCE COMPANY,    Case No. 2:10-cv-897-JCM-(PAL)
   a Pennsylvania corporation,
19                                          ANSWER
            Plaintiff,
20
   vs.
21
   THE HERMAN KISHNER TRUST; IRWIN
22 KISHNER, as Trustee for the Herman Kishner
   Trust; JERRY ENGEL, as Trustee for the
23 Herman Kishner Trust; BANK OF AMERICA,
   N.A., as Trustee for the Herman Kishner Trust;
24 MARYLAND SQUARE SHOPPING CENTER,
   LLC; MARYLAND SQUARE, LLC; HERMAN
25 KISHNER dba Maryland Square Shopping
   Center; and DOES 1-25, inclusive,
26
            Defendants.
27 _____/

Defendants, THE HERMAN KISHNER TRUST; IRWIN KISHNER, as Trustee for the Herman Kishner Trust, JERRY ENGEL, as Trustee for the Herman Kishner Trust; BANK OF AMERICA, N.A., as Trustee for the Herman Kishner Trust, and MARYLAND SQUARE SHOPPING CENTER, LLC, by their attorneys, Steven J. Parsons of LAW OFFICES OF STEVEN J. PARSONS, and Robert G. Russell, Jr., and Scott R. Omohundro of PROCOPIO CORY HARGREAVES AND SAVITCH, LLP, answer Plaintiff PACIFIC EMPLOYERS INSURANCE COMPANY'S Complaint for Declaratory Relief and Equitable Reimbursement as follows:

## SUBJECT MATTER JURISDICTION

1. Defendants do not have sufficient information upon which to base a belief as to the truth or falsity of the allegations of Paragraph 1 and, based thereon, deny generally and specifically each and every such allegation.

## VENUE

2. Defendants admit the allegations of Paragraph 2.

## PARTIES

3. Defendants do not have sufficient information upon which to base a belief as to the truth or falsity of the allegations of Paragraph 3 and, based thereon, deny generally and specifically each and every such allegation.

4. Defendants admit the allegations of Paragraph 4.

5. Defendants admit the allegations of Paragraph 5.

6. Defendants admit the allegations of Paragraph 6.

7. Defendants admit the allegations of Paragraph 7 to the extent that Defendant Bank of America is incompletely named and is in fact properly denominated as Bank of America, N.A., which is a Delaware corporation, and that it is administering the Kishner Trust in Nevada, but Defendants generally and specifically each and every such allegation of the balance of the paragraph.

8. Defendants admit the allegations of Paragraph 8.

9. Defendants do not have sufficient information upon which to base a belief as

to the truth or falsity of the allegations of Paragraph 9 and, based thereon, deny generally and specifically each and every such allegation.

10. Defendants admit the allegations of Paragraph 10.

11. No response of Defendants is required as to the allegations of Paragraph 11.

12. Defendants do not have sufficient information upon which to base a belief as to the truth or falsity of the allegations of Paragraph 12 and, based thereon, deny generally and specifically each and every such allegation.

## GENERAL ALLEGATIONS

13. In response to the allegations of Paragraph 13, Defendants admit that PEIC issued two consecutive annual "Dry Cleaners and Laundries" insurance policies to a Nevada entity called Shapiro Brothers Investment Corp. dba Al Phillips The Cleaner ("Shapiro Brothers"), admit that both of those policies bear the identifying designation DLP DO 52 22 24 2, admit that the first of those two insurance policies was in effect from July 1, 1981 to July 1, 1982 ("1981 PEIC Policy") and admit that the second of those two insurance policies was in effect from July 1, 1982 ("1982 PEIC Policy"). Defendants do not have sufficient information upon which to base a belief as to the trust or falsity of the remaining allegations of said Paragraph 13 and, based thereon, deny generally and specifically each and every such allegation.

14. Defendants admit the allegations of Paragraph 14.

15. Defendants admit the allegations of Paragraph 15.

16. Defendants admit the allegations of Paragraph 16.

17. Defendants admit the allegations of Paragraph 17.

18. No response of Defendants is required as to the allegations of Paragraph 18.

19. Defendants admit the allegations of Paragraph 19.

20. Defendants admit the allegations of Paragraph 20.

21. Defendants do not have sufficient information upon which to base a belief as to the truth or falsity of the allegations of Paragraph 21 and, based thereon, deny generally

and specifically each and every such allegation.

22. Defendants admit the allegations of Paragraph 22, although Defendants aver that the date of the subject letter from Jason Gerber sent to Resolute Management is dated May 18, 2009.

23. Defendants admit the allegations of Paragraph 23.

24. Defendants deny generally and specifically each and every allegation of Paragraph 24.

## RESPONSE TO FIRST CAUSE OF ACTION

(Declaratory Relief Regarding the Absence of Insured Status for the Trust Defendants)

25. By way of response to the allegations of Paragraph 25, Defendants re-allege and incorporate herein by reference the responses to the allegations of Paragraphs 1-24.

26. Defendants admit the allegations of Paragraph 26.

27. In response to the allegations of Paragraph 27, Defendants do not have sufficient information upon which to base a belief as to the truth or falsity of the allegation that with regard to the 1981 PEIC Policy, PEIC has no internal records or documentation creating or identifying insured status for the Kishner Trust, or for any trustees of the Kishner Trust. Defendants deny generally and specifically each and every other allegation of said Paragraph 27.

28. In response to the allegations of Paragraph 28, Defendants do not have sufficient information upon which to base a belief as to the truth or falsity of the allegation that with regard to the 1982 PEIC Policy, PEIC has not internal records or documentation creating or identifying insured status for the Kishner Trust, or for any trustees of the Kishner Trust. Defendants deny generally and specifically each and every other allegation of said Paragraph 28.

29. Defendants deny generally and specifically each and every allegation of Paragraph 29.

30. Defendants deny generally and specifically each and every allegation of

Paragraph 30.

## RESPONSE TO SECOND CAUSE OF ACTION

(Declaratory Relief Regarding the Absence of Insured Status for the MSSC)

31. By way of response to the allegations of Paragraph 31, Defendants re-allege and incorporate herein by reference the responses to the allegations of Paragraphs 1-30.

32. Defendants admit the allegations of Paragraph 32.

33. Defendants do not have sufficient information upon which to base a belief as to the truth or falsity of the allegations of Paragraph 33 and, based thereon, deny generally and specifically each and every such allegation.

34. In response to the allegations of Paragraph 34, Defendants admit that PEIC has been provided with an endorsement form referring to "Maryland Square Shopping Center" as an additional-insured under the 1981 PEIC Policy, and that as defined in Paragraph 8, MSSC was created in 1999, and Defendants do not have sufficient information upon which to base a belief as to the truth or falsity of the rest of the allegations in the balance of the Paragraph and thereon, deny generally and specifically each and every such allegation.

35. Defendants admit the allegations of Paragraph 35.

36. Defendants do not have sufficient information upon which to base a belief as to the truth or falsity of the allegations of Paragraph 36 and, based thereon, deny generally and specifically each and every such allegation.

37. Defendants deny generally and specifically each and every allegation of Paragraph 37.

38. Defendants deny generally and specifically each and every allegation of Paragraph 38.

## RESPONSE TO THIRD CAUSE OF ACTION

(Declaratory Relief Regarding the Absence of Insured Status for Maryland Square)

39. By way of response to the allegations of Paragraph 39, Defendants re-allege and incorporate herein by reference the responses to the allegations of Paragraphs 1-38.

40. Defendants admit the allegations of Paragraph 40.

41. Defendants do not have sufficient information upon which to base a belief as to the truth or falsity of the allegations of Paragraph 41 and, based thereon, deny generally and specifically each and every such allegation.

42. Defendants do not have sufficient information upon which to base a belief as to the truth or falsity of the allegations of Paragraph 42 and, based thereon, deny generally and specifically each and every allegation of said Paragraph 42.

43. In response to the allegations of Paragraph 43, Defendants admit that PEIC has been provided with an endorsement form referring to "Maryland Square Shopping Center" as an additional-insured under the 1981 PEIC Policy. Defendants do not have sufficient information upon which to base a belief as to the truth or falsity of the remaining allegations of Paragraph 43 and, based thereon, deny generally and specifically each and every such allegation.

44. Defendants do not have sufficient information upon which to base a belief as to the truth or falsity of the allegations of Paragraph 44 and, based thereon, deny generally and specifically each and every such allegation.

45. Defendants deny generally and specifically each and every allegation of Paragraph 45.

46. Defendants deny generally and specifically each and every allegation of Paragraph 46.

### RESPONSE TO FOURTH CAUSE OF ACTION

(Declaratory Relief Regarding the Absence of Insured Status for Herman Kishner DBA )

47. In response to the allegations of Paragraph 47, Defendants re-allege and incorporate herein by reference the responses to the allegations of Paragraphs 1-46.

48. Defendants deny generally and specifically each and every allegation of Paragraph 48, as Herman Kishner has been deceased for more than thirty (30) years.

49. Defendants do not have sufficient information upon which to base a belief as

to the truth or falsity of the allegations of Paragraph 49 and, based thereon, deny generally and specifically each and every such allegation.

50. Defendants do not have sufficient information upon which to base a belief as to the truth or falsity of the allegations of Paragraph 50 and, based thereon, deny generally and specifically each and every such allegation.

51. In response to the allegations of Paragraph 51, Defendants admit that PEIC has been provided with an endorsement form referring to "Maryland Square Shopping Center" as an additional-insured under the 1981 PEIC Policy. Defendants do not have sufficient information upon which to base a belief as to the truth or falsity of the remaining allegations of Paragraph 51 and, based thereon, deny generally and specifically each and every such allegation.

52. Defendants deny generally and specifically each and every allegation of Paragraph 52.

53. Defendants deny generally and specifically each and every allegation of Paragraph 53.

## RESPONSE TO FIFTH CAUSE OF ACTION
(Alternative Declaratory Relief Regarding Lack of Coverage
for MSSC in the Underlying Actions)

54. In response to the allegations of Paragraph 54, Defendants re-allege and incorporate herein by reference the responses to the allegations of Paragraphs 1-53.

55. Defendants deny generally and specifically each and every allegation of Paragraph 55.

56. Defendants do not have sufficient information upon which to base a belief as to the truth or falsity of the allegations of Paragraph 56 and, on that basis, deny generally and specifically each and every such allegation. Defendants affirmatively allege that the 1981 PEIC Policy speaks for itself.

57. In response to the allegations of Paragraph 57, Defendants admit that the

Underlying Actions, and each of them, allege that Defendants, and each of them, are liable for damage to real property. Defendants deny generally and specifically each and every other allegation of said Paragraph 57.

58. In response to the allegations of Paragraph 58, Defendants admit that Maryland Square Shopping Center, LLC did not exist prior to 1999 and that said entity did not have any ownership interest in the Property until 1999. Defendants deny generally and specifically each and every other allegation of said Paragraph 58.

59. Defendants deny generally and specifically each and every allegation of Paragraph 59.

## RESPONSE TO SIXTH CAUSE OF ACTION

(Alternative Declaratory Relief Regarding Lack of Coverage

for Maryland Square in the Underlying Actions)

60. In response to the allegations of Paragraph 60, Defendants re-allege and incorporate by reference their responses to the allegations of Paragraphs 1-59.

61. Defendants deny generally and specifically each and every allegation of Paragraph 61.

62. Defendants do not have sufficient information upon which to base a belief as to the truth or falsity of the allegations of Paragraph 62 and, based thereon, deny generally and specifically each and every such allegation. Defendants affirmatively allege that the 1981 PEIC Policy speaks for itself.

63. In response to the allegations of Paragraph 63, Defendants admit that the Underlying Actions, and each of them, allege that Defendants, and each of them, are liable for damage to real property. Defendants deny generally and specifically each and every other allegation of said Paragraph 63.

64. In response to the allegations of Paragraph 64, Defendants admit that Maryland Square did not exist prior to 2005, and did not have any ownership interest in the Property until 2005. Defendants deny generally and specifically each and every other allegation of

Paragraph 64.

65. Defendants deny generally and specifically each and every allegation of Paragraph 65.

### RESPONSE TO SEVENTH CAUSE OF ACTION

(Alternative Declaratory Relief Regarding Lack of Coverage

for Herman Kishner DBA MSSC in the Underlying Actions)

66. In response to the allegations of Paragraph 66, Defendants re-allege and incorporate by reference their responses to the allegations of Paragraphs 1-65.

67. Defendants deny generally and specifically each and every allegation of Paragraph 67.

68. Defendants do not have sufficient information upon which to base a belief as to the truth or falsity of the allegations of Paragraph 68 and, based thereon, deny generally and specifically each and every such allegation. Defendants affirmatively allege that the 1981 PEIC Policy speaks for itself.

69. In response to the allegations of Paragraph 69, Defendants admit that the Underlying Actions, and each of them, allege that Defendants, and each of them, are liable for damage to real property. Defendants deny generally and specifically each and every other allegation of Paragraph 69.

70. Defendants do not have sufficient information upon which to base a belief as to the truth or falsity of the allegations of Paragraph 70 and, based thereon, deny generally and specifically each and every such allegation.

71. Defendants deny generally and specifically each and every allegation of Paragraph 71.

### RESPONSE TO EIGHTH CAUSE OF ACTION

(Alternative Declaratory Relief Regarding Lack of Coverage Based on Absence of Tender

by Maryland Square and Herman Kishner DBA MSSC)

72. In response to the allegations of Paragraph 72, Defendants re-allege and

incorporate by reference their responses to the allegations of Paragraphs 1-71.

73.   Defendants do not have sufficient information upon which to base a belief as to the truth or falsity of the allegations of Paragraph 73 and, based thereon, deny generally and specifically each and every such allegation.

74.   Defendants deny generally and specially each and every allegation of Paragraph 74.

<u>RESPONSE TO NINTH CAUSE OF ACTION</u>

(Alternative Declaratory Relief Regarding Timing of Property Damage)

75.   In response to the allegations of Paragraph 75, Defendants re-allege and incorporate by reference their responses to the allegations of Paragraphs 1-74.

76.   Defendants deny generally and specifically each and every allegation of Paragraph 76.

77.   Defendants do not have sufficient information upon which to base a belief as to the truth or falsity of the allegations of Paragraph 77 and, based thereon, deny generally and specifically each and every such allegation.  Defendants affirmatively allege that the 1981 PEIC Policy speaks for itself.

78.   In response to the allegations of Paragraph 78, Defendants admit that the Underlying Actions, and each of them, allege that Defendants, and each of them, are liable for damage to real property.  Defendants deny generally and specifically each and every other allegation of Paragraph 78.

79.   Defendants admit the allegations of Paragraph 79.

80.   Defendants deny generally and specifically each and every allegation of Paragraph 80.

<u>RESPONSE TO TENTH CAUSE OF ACTION</u>

(Alternative Declaratory Relief Regarding Application of the Pollution Exclusion Clause)

81.   In response to the allegations of Paragraph 81, Defendants re-allege and incorporate by reference their responses to the allegations of Paragraphs 1-80.

82. Defendants admit the allegations of Paragraph 82.

83. Defendants admit the allegations of Paragraph 83.

84. Defendants admit the allegations of Paragraph 84.

85. Defendants deny generally and specifically each and every allegation of Paragraph 85.

### RESPONSE TO ELEVENTH CAUSE OF ACTION

(Alternative Declaratory Relief Regarding Categorization of Relief Sought or Result Obtained in Underlying Actions)

86. In response to the allegations of Paragraph 86, Defendants re-allege and incorporate by reference their responses to the allegations of Paragraphs 1-85.

87. Defendants deny generally and specifically each and every allegation of Paragraph 87.

88. Defendants deny generally and specifically each and every allegation of Paragraph 88.

89. Defendants deny generally and specifically each and every allegation of Paragraph 89.

### RESPONSE TO TWELFTH CAUSE OF ACTION

(Alternative Declaratory Relief Regarding Categorization of NDEP Reimbursement)

90. In response to the allegations of Paragraph 90, Defendants re-allege and incorporate by reference their responses to the allegations of Paragraphs 1-89.

91. Defendants admit the allegations of Paragraph 91.

92. Defendants deny generally and specifically each and every allegation of Paragraph 92.

93. Defendants deny generally and specifically each and every allegation of Paragraph 93.

…

…

## RESPONSE TO THIRTEENTH CAUSE OF ACTION

(Alternative Declaratory Relief Regarding Monetary Limits of Coverage)

94. In response to the allegations of Paragraph 94, Defendants re-allege and incorporate by reference their responses to the allegations of Paragraphs 1-93.

95. Defendants deny generally and specifically each and every allegation of Paragraph 95.

96. In response to the allegations of Paragraph 96, Defendants admit that the 1981 PEIC Policy contains the language set out in said Paragraph. Defendants deny generally and specifically each and every other allegation of said Paragraph 96.

97. Defendants deny generally and specifically each and every allegation of Paragraph 97.

98. Defendants deny generally and specifically each and every allegation of Paragraph 98.

## RESPONSE TO FOURTEENTH CAUSE OF ACTION

(Alternative Declaratory Relief Regarding Additional-Insured Endorsement Form)

99. In response to the allegations of Paragraph 99, Defendants re-allege and incorporate herein by reference their responses to the allegations of Paragraphs 1-98.

100. Defendants deny generally and specifically each and every allegation of Paragraph 100.

101. Defendants admit the allegations of Paragraph 101.

102. Defendants deny generally and specifically each and every allegation of Paragraph 102.

103. In response to the allegations of Paragraph 103, Defendants admit that the 1981 PEIC Policy contains the language included in said Paragraph. Defendants deny generally and specifically each and every other allegation of Paragraph 103.

104. Defendants deny generally and specifically each and every allegation of Paragraph 104.

*Law Offices of Steven J. Parsons*
*7201 W. Lake Mead Blvd., Ste. 108*
*Las Vegas, Nevada 89128-8354*
*(702)384-9900; fax (702)384-5900*
*Steve@SJPlawyer.com*

Page 12 of 15

## RESPONSE TO FIFTEENTH CAUSE OF ACTION

(Equitable Reimbursement)

105. In response to the allegations of Paragraph 105, Defendants re-allege and incorporate herein by reference their responses to the allegations of Paragraphs 1-104.

106. Defendants deny generally and specifically each and every allegation of Paragraph 106.

107. Defendants admit that some of them have sought and received the benefit of PEIC's payments towards putative defense costs in the Underlying Actions. Except as so admitted, Defendants deny generally and specifically each and every other allegation of Paragraph 107.

108. Defendants deny generally and specifically each and every allegation of Paragraph 108.

109. Defendants deny generally and specifically each and every allegation of Paragraph 109.

## AFFIRMATIVE DEFENSES

As and for affirmative defenses to the Complaint on file herein and each cause of action therein, these answering Defendants allege that:

## FIRST AFFIRMATIVE DEFENSE

(Failure to State a Claim for Relief)

The Complaint fails to state a claim upon which relief can be granted against these answering Defendants.

## SECOND AFFIRMATIVE DEFENSE

(Assumption of Risk)

Plaintiff, with full knowledge of all risks attendant thereto, voluntarily and knowingly assumed all risks attendant upon said conduct referred to in Plaintiff's Complaint, and all purported damages alleged to be related thereto and proximately caused thereby.

…

*Law Offices of Steven J. Parsons*
*7201 W. Lake Mead Blvd., Ste. 108*
*Las Vegas, Nevada 89128-8354*
*(702)384-9900; fax (702)384-5900*
*Steve@SJPlawyer.com*

Page 13 of  15

### THIRD AFFIRMATIVE DEFENSE

(Failure to Mitigate Damages)

Plaintiff failed, neglected and refused to mitigate its alleged damages and therefore is barred from recovery or, alternatively, Plaintiff's recovery must be reduced to the extent of its failure to mitigate.

### FOURTH AFFIRMATIVE DEFENSE

(Estoppel)

The Complaint herein is barred by reasons of acts, omissions, representations and courses of conduct by Plaintiff upon which these answering Defendants were led to rely to their detriment, thereby barring under the Doctrine of Equitable Estoppel any causes of action asserted by Plaintiff.

### FIFTH AFFIRMATIVE DEFENSE

(Laches)

Plaintiff's Complaint is barred by the equitable Doctrine of Laches.

### SIXTH AFFIRMATIVE DEFENSE

(Waiver)

Plaintiff has waived each and every alleged claim against these answering Defendants as set forth in the Complaint. Plaintiff has engaged in conduct and activities sufficient to constitute a waiver of any purported rights or entitlements as set forth in the Complaint.

### SEVENTH AFFIRMATIVE DEFENSE

(Unclean Hands)

By virtue of Plaintiff's unlawful, immoral, careless, negligent and other wrongful conduct, Plaintiff should be barred from recovering against these answering Defendants under the equitable doctrines of "Unclean Hands" and of in pari delicto.

### EIGHTH AFFIRMATIVE DEFENSE

(Statute of Limitations)

Plaintiff's causes of action are time barred under all applicable statutes of limitations.

*Law Offices of Steven J. Parsons*
*7201 W. Lake Mead Blvd., Ste. 108*
*Las Vegas, Nevada 89128-8354*
*(702)384-9900; fax (702)384-5900*
*Steve@SJPlawyer.com*

Page 14 of 15

## NINTH AFFIRMATIVE DEFENSE

(Additional Affirmative Defenses)

These answering Defendants presently have insufficient knowledge or information upon which to form a belief as to whether they may have additional, as yet unstated, affirmative defenses available. Accordingly, these answering Defendants reserve the right to assert additional affirmative defenses in the event discovery indicates that they would be appropriate.

## PRAYER FOR RELIEF

Wherefore, Defendants pray that Plaintiff takes nothing by its Complaint herein, that Defendants be awarded their costs of suit and for such other and further relief as the Court deems just and proper.

Dated: Monday, August 9, 2010.

>Robert G. Russell, Jr.
>Scott R. Omohundro
>PROCOPIO, CORY, HARGREAVES & SAVITCH LLP, and
>LAW OFFICES OF STEVEN J. PARSONS
>
>/s/ Steven J. Parsons
>STEVEN J. PARSONS
>Nevada Bar No. 363
>
>Attorney for Defendants
>THE HERMAN KISHNER TRUST; IRWIN KISHNER, as Trustee for the Herman Kishner Trust; JERRY ENGEL, as Trustee for the Herman Kishner Trust; BANK OF AMERICA, N.A., as Trustee for the Herman Kishner Trust; MARYLAND SQUARE SHOPPING CENTER, LLC

## CERTIFICATE OF SERVICE BY E-FILING

I hereby certify that service of the foregoing Defendants' Answer was made upon Amy K. Thomas of WOLKIN CURRAN, LLP by e-filing with the Court's CM/ECF system, duly noting that on a prior e-filing by Plaintiff, she has been noted as receiving copies from the court by e-filing and that she has consented to be served in that manner.

Dated:  Monday, August 9, 2010.

>/s/ Cheryl A. Reed
>An Employee of LAW OFFICES OF STEVEN J. PARSONS

*Law Offices of Steven J. Parsons*
*7201 W. Lake Mead Blvd., Ste. 108*
*Las Vegas, Nevada 89128-8354*
*(702)384-9900; fax (702)384-5900*
*Steve@SJPlawyer.com*

Page 15 of  15