1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

PACIFIC EMPLOYERS INSURANCE
COMPANY,

               Plaintiff,

v.

THE HERMAN KISHNER TRUST, et
al.,

               Defendants.

2:10-CV-897 JCM (PAL)

**ORDER**

Presently before the court is defendants The Herman Kishner Trust, Irwin Kishner, Jerry Engel, Bank Of America, and Maryland Square Shopping Center, LLC's motion to dismiss, or in the alternative to stay the action. (Doc. #23). Plaintiff Pacific Employers Insurance Company (hereinafter "PEIC") filed an opposition. (Doc. #30). Defendants filed a reply. (Doc. #33).

The plaintiff's complaint (doc. #1) stems from underlying actions (*Peter J. Voggenthaler, et al v. Al Phillips The Cleaner, Inc., et al,* Case No. A553784, *Peter J. Voggenthaler, et al v. Maryland Square, LLC, et al,* Case No. 2:08-cv-01618, and *State of Nevada, Department of Conservation and Natural Resources, Division of Environmental Protection, Bureau of Corrective Actions v. Maryland Square Shopping Senter, LLC, et al* Case No. 3:09-cv-00231) where the Shapiro Brothers Investment Corporation d/b/a Al Phillips The Cleaner (hereinafter "Shapiro Brothers") and the defendants in this case are being sued for alleged damage that occurred due to a chemical known as perchloroethylene being found in the groundwater beneath the plaintiffs' homes. In the underlying

**James C. Mahan**
**U.S. District Judge**

1    actions, the plaintiffs allege that the chemical was spilled, dumped and/or discharged into the soil
2    by the Shapiro Brothers' dry cleaning business.

3          Defendants in the case before this court owned the property and shopping center where the
4    Shaprio Brothers' cleaning business was located. Plaintiff PEIC is the insurance company that issued
5    two general liability insurance policies to the Shapiro Brothers during the time periods of July 1,
6    1981, to July 1, 1982, and July 1, 1982, to November 7, 1982. The defendants assert that they are
7    entitled to the protections of the Shapiro Brothers' policies as additional insureds.

8           Plaintiff PEIC is asking this court for a declaratory determination that it has no obligation
9    to provide insurance coverage to defendants in the underlying action (counts 1-8). (Doc. #1). In
10   addition to that declaratory relief, PEIC is seeking alternate declaratory relief regarding (9) the timing
11   of the alleged spilling of the chemical, (10) the application of the pollution exclusion clause of the
12   policy, specifically whether the spilling was "both sudden and accidental," (11) the categorization
13   of relief sought or result obtained in underlying actions, (12) the categorization of NDEP
14   reimbursement, (13) monetary limits of coverage, (14) additional-insured endorsement form, and
15   (15) equitable reimbursement in excess of $75,000 for costs of defense on behalf of the defendants
16   in the underlying actions.

17   **Motion to Dismiss**

18         In the present motion to dismiss (doc. #23), defendants assert that, among others, the
19   declaratory relief sought with regards to whether the alleged damage occurred during the effective
20   dates of PEIC's coverage and whether the property damage resulted from events that were "sudden
21   and accidental," are issues to be resolved in the underlying actions, and as such, warrant a dismissal
22   or stay of the action before this court.

23         1.       **Overlapping Issues**

24         The Supreme Court held that federal courts have broad discretion to dismiss or stay a
25   declaratory action in favor of a pending state court proceeding involving the same issues and parties.
26   *Wilton v. Seven Falls Co.,* 515 US 277, 278-289 (1995). In *American National Fire Ins. Co. v.*
27   *Hungerfold,* 53 F.3d 1012, 1019 (9th Cir. 1995), the court held that a dismissal or stay of such

28

James C. Mahan
U.S. District Judge

1  actions avoid "rendering opinions based on purely hypothetical factual scenarios...," "preserv[e]

2  precious judicial resources, and promot[e] comity." Further, the dismissal promotes the policy of

3  avoiding duplicative litigation and the needless determination of state law issues by federal courts.

4  *Continental Gas Co. v. Robsac Indus.,* 947 F.2d 1367, 1374 (9th Cir. 1991).         As defendants

5  point out, the fact that not all of the legal issues in the underlying actions parallel those in the action

6  before this court is not dispositive. The court in *Hungerfold* quoted

7  *Allstate Ins. Co v. Mercier,* 913 F.2d 273, 279 (6th Cir. 1990), when it held that even though all of

8  the legal issues were not parallel, "the federal action does parallel the state action in the sense that

9  the ultimate legal determination in each depends upon the same facts."

10        The court is inclined to adopt the rationale of the court in *Mercier.* Here, as the parties

11  concede, not all of the legal issues are paralleled in the state action. However, in order for this court

12  to determine the extent of coverage with regards to the parties and the applicable provisions, the

13  court must look at the same set of facts as the underlying cases. In other words, the issues overlap.

14  Specifically, liability of the defendants for the damages in the underlying cases rests on the court's

15  determination of *if* and *when* there was an occurrence at all and *if* that occurrence was "sudden and

16  accidental." Those same issues will determine if the plaintiffs in the case before this court are

17  required to cover the insured for those damages and occurrences.

18        Moreover, plaintiff PEIC recognized that "overlaps" such as this are apparent, when it stated

19  in its complaint (doc. #1) that "no indemnity coverage is available under...the policy for the

20  [u]nderlying [a]ctions, or any of them, unless and until it is established that the exclusion exception

21  for sudden and accidental events is applicable." (Internal quotations omitted). Essentially, it admits

22  that a determination of whether the occurrence was "sudden and accidental" is required *before* this

23  court can determine the applicability of the provision, and ultimately the coverage. Therefore, as "the

24  facts necessary to resolve the insurance coverage claims will be developed through the state court

25  proceedings," this court "should not be required to assume the facts as alleged to be true, render

26  decisions, and hope that the facts developed during the underling actions will be exactly as

27  assumed." *Diamond State Insur. Co. v. Fame Operating Co. Inc.,* 917 F.Supp 739 (D.Nevada 1996).

28

**James C. Mahan**
**U.S. District Judge**

- 3 -

2.    **"Mixed Action"**

The plaintiff asserts that the discretionary "overlapping issues" standard does not apply to this case because the case includes issues for both declaratory relief and monetary relief. Here, as plaintiff seeks fourteen different categories for declaratory relief, and monetary relief in excess of $75,000, it asserts that the "narrow abstention" standard set forth in *Colorado River Water Conservation District v. United States,* 424 U.S. 800 (1976) applies. Plaintiff relies on the Ninth Circuit case of *Governmental Employees Insurance Co. v. Dizol,* 133 F.3d 1220 (1998), which noted a difference between purely declaratory actions and mixed actions when it stated, "when other claims are joined with an action for declaratory relief [], the district court should not, as a general rule, remand or decline to entertain the claim for declaratory relief."

Plaintiff is correct in asserting that when declaratory actions also involve a "coercive relief" (i.e. bad faith, breach of contract, rescission, or claims for other monetary relief), the court will apply the standards enumerated in *Colorado River. Id.* However, the difference the court recognizes in this case, is that the claim for monetary relief is "dependent on the [] court[] first favorably resolving [plaintiff's] claim[s] for declaratory relief." *Employers Reinsurance Corp. v. Karussos,* 65 F.3d 796, 798 (9th Cir. 1991). In order for plaintiff to prevail on its claim for monetary relief and be successfully reimbursed for the money it spent defending defendants in the underlying case, the court would first have to determine that the defendants are not insured under the policy, and that coverage did not extend to the occurrences. Thus, the "narrow abstention" standard is not applicable to this case. *Id.*

Based on the fact that there are several issues in the underlying cases that need to be determined before this court can address the plaintiff's declaratory relief claims, the court is inclined to dismiss the case without prejudice.

Accordingly,

IT IS HEREBY ORDERED ADJUDGED AND DECREED that defendants The Herman Kishner Trust, Irwin Kishner, Jerry Engel, Bank Of America, and Maryland Square Shopping Center, LLC's motion to dismiss, or in the alternative to stay the action (doc. #23) be, and the same hereby

James C. Mahan
U.S. District Judge

1   is GRANTED.

2         IT   IS   THEREFORE   ORDERED   that   the   above   captioned   case   (Case   No.

3   2:10-cv-00897-JCM-PAL) be DISMISSED without prejudice.

4         DATED February 15, 2011.

5

6   _____

7   **UNITED STATES DISTRICT JUDGE**

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**James C. Mahan**
**U.S. District Judge**

- 5 -