1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

PACIFIC EMPLOYERS INSURANCE COMPANY,

        Plaintiff,

v.

THE HERMAN KISHNER TRUST, et al.,

        Defendants.

2:10-CV-897 JCM (PAL)

**ORDER**

    Presently before the court is plaintiff Pacific Employers Insurance Company's motion for reconsideration of the court's order (doc. #39) dismissing the case. (Doc. #41). Defendants The Herman Kishner Trust, Irwin Kishner, Jerry Engel, Bank Of America, and Maryland Square Shopping Center, LLC filed an opposition. (Doc. #42). Plaintiff filed a reply. (Doc. #43).

    On March 18, 2011, this court entered an order granting defendants' motion to dismiss (doc. #23) "[b]ased on the fact there are several issues in the underlying cases that need to be determined before this court can address the plaintiff's declaratory relief claims..." (Doc. #39). The present case stems from underlying actions (*Peter J. Voggenthaler, et al v. Al Phillips The Cleaner, Inc., et al,* Case No. A553784, *Peter J. Voggenthaler, et al v. Maryland Square, LLC, et al*, Case No. 2:08-cv-01618, and *State of Nevada, Department of Conservation and Natural Resources, Division of Environmental Protection, Bureau of Corrective Actions v. Maryland Square Shopping Senter, LLC,*

**James C. Mahan**
**U.S. District Judge**

*et al* Case No. 3:09-cv-00231) where the Shapiro Brothers Investment Corporation d/b/a Al Phillips The Cleaner (hereinafter "Shapiro Brothers") and the defendants in this case are being sued for alleged damage that occurred due to a chemical known as perchloroethylene being found in the groundwater beneath the plaintiffs' homes. In the underlying actions, the plaintiffs allege that the chemical was spilled, dumped and/or discharged into the soil by the Shapiro Brothers' dry cleaning business.

In the case before this court, the plaintiff is Pacific Employers Insurance, the insurance company that issued two general liability insurance policies to the Shapiro Brothers. The defendants in this case, who owned the property and shopping center where the Shapiro Brothers' cleaning business was located, assert that they are entitled to the protections of the Shapiro Brothers' policies as additional insureds.

In the plaintiff's complaint, it is asking this court for a declaratory determination that it has no obligation to provide insurance coverage to defendants in the underlying action, along with other declaratory and monetary relief. In its order dismissing the case (doc. #39), the court found dismissal to be warranted because the issues in the case and the underlying cases overlap. Specifically, the court stated that "in order for this court to determine the extent of coverage with regards to the parties and the applicable provisions, the court must look at the same set of facts as the underlying cases." (Doc. #39). Further, it held that dismissal of this case is proper until the underlying issues have been resolved, because "[t]hose same issues will determine if the plaintiffs in the case before this court are required to cover the insured for those damages and occurrences." *Id.*

**Motion For Reconsideration**

In plaintiff's motion seeking reconsideration (doc. #41), it asserts that there "have been substantial changes in the status of the underlying cases, resulting in a new urgency to resolve the parties' coverage disputes, and, eliminating circumstances cited and relied upon by the [c]ourt's dismissal order." It asks this court to reconsider the order and allow litigation to proceed, or, in the alternative, to modify the order to stay the case.

"'Under Rule 59(e), a motion for reconsideration should not be granted, absent highly

unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law.'" *Baker v. United States*, No. CV-S-01-1187-RLH, 2002 WL 32076007, at *1 (D. Nev. Aug. 23, 2002) (quoting 389 *Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999)); *see also Pennsylvania Ins. Guar. Ass'n v. Trabosh*, 812 F. Supp. 522, 524 (E.D. Pa. 1992); Fed. R. Civ. P. 59(e).

Plaintiff purports to present the court with newly discovered evidence to support its motion for reconsideration. It asserts that in the underlying case of *Peter J. Voggenthaler, et al v. Maryland Square, LLC, et al*, Case No. 2:08-cv-01618, a permanent injunction was entered which, when coupled with the court rulings that led to the injunction, establish several relevant facts that obviate the "overlap" between this case and the underlying ones. When overlapping issues are "insignificant" or absent, plaintiff argues that dismissal of the coverage action may be treated as constituting reversible error. *See Scottsdale Ins. Co. v. Detco Industries Inc.,* 426 F.3d 994, 999-1000 (8th Cir. 2005); *Agora Syndicate, Inc. v. Robinson Janitorial Specialists, Inc.* 149 F.3d 371, 373 (5th Cir. 1998).

Specifically, plaintiff contends that the overlap issue is obsolete, because the injunction/rulings demonstrate that (1) the chemical is present in groundwater beneath at least some of the properties at issue in the action, (2) the presence of the chemical is attributable to the operations of Shapiro Brothers' cleaning business, and (3) the named defendants in this case now bear legal responsibility for remediation of soil and groundwater to remove the chemical.

Plaintiff argues that with these factual findings, "a very real and ongoing dispute between [p]laintiff [Pacific Employers] and the named defendants in this case" has been created which requires the court's prompt consideration. It asserts that defendants are now "actively making demand upon [i]t to issue payments towards costs incurred to satisfy defendants' obligations under the permanent injunction." This, it contends, makes the dispute in the case before this court fully ripe and ready for adjudication.

Alternatively, as previously mentioned, the plaintiff asks this court to stay the case, because

James C. Mahan
U.S. District Judge

- 3 -

1  it is concerned that several claims may be time-barred when it is finally able to refile the action. It
2  contends that the stay would eliminate this risk, and be more appropriate than the dismissal. *See*
3  *Wilton v. Seven Falls Co.* 515 U.S. 277, 288 (1995).

4  In rebuttal, defendants point out that the permanent injunction referred to by the plaintiff is
5  not a final order, as it is being appealed to the Ninth Circuit Court of Appeals, and that the injunction
6  was already addressed in the previous pleadings that the court considered for the motion to dismiss.
7  (Doc. #42). Therefore, defendants assert that plaintiff has failed to present the court with any "newly
8  discovered evidence," warranting a denial of the motion.

9  When arguing against the motion to dismiss, defendants contend that plaintiff made the same
10 allegations regarding the possibility of the permanent injunction and the effect it would have on the
11 litigation here. Now, defendants contend, plaintiff is trying to make the exact same arguments while
12 disguising them as "newly discovered evidence." Further, defendants assert that the plaintiff has
13 "conveniently" failed to inform this court that the precise injunction it relies on is being appealed
14 to the Ninth Circuit, and could very well be reversed. Therefore, it is defendants' position that
15 plaintiff is asking this court to reconsider its order in light of an order that is *not final* in an *ongoing*
16 underlying action.

17 Additionally, defendants assert to this court that plaintiff's argument regarding the "very real
18 and ongoing dispute" requiring prompt attention, is also not a new argument. First, they contend that
19 plaintiff admitted in its motion that it advised defendants of its position on the payment obligation
20 issue "[b]oth before and after issuance of the permanent injunction," thus making it ongoing, but not
21 "newly discovered." Second, plaintiff made the identical argument regarding the demand to payment
22 in its opposition to the motion to dismiss, when it stated that it "will not pay monies towards the
23 satisfaction of any [of defendants'] obligations."

24 The court agrees with defendants that (1) the injunction was fully addressed in the original
25 pleadings and is not a final order that this court can rely on, and (2) that the plaintiff's position on
26 the monetary obligations has been the same since the filing of the motion to dismiss and does not
27 suddenly create a dispute that needs "prompt consideration." As the court finds that it has not been

28

**James C. Mahan**
**U.S. District Judge**

- 4 -

presented with any "newly discovered evidence," it is not inclined to reconsider the order dismissing the case.

In the alternative, plaintiff asks this court to stay the case. It asserts that some of its claims may be time-barred while waiting for the underlying actions and the recently filed appeal to be resolved. The issue in this case, as stated above, deals with the Shapiro Brother's insurance contract and whether defendants here are entitled to its protections. Such actions, "upon a contract, obligation or liability founded upon an instrument in writing," are subject to a six-year statute of limitation. *Schumacher v. State Farm Firs & Cas. Co.,* 467 F.Supp.2d 1090 (D.Nev. 2006). Therefore, the court does not find that staying the case is warranted.

Accordingly,

IT IS HEREBY ORDERED ADJUDGED AND DECREED that plaintiff Pacific Employers Insurance Company's motion for reconsideration of the court's order dismissing the case, or, in the alternative, stay the case (doc. #41) be, and the same hereby is, DENIED.

DATED July 21, 2011.

UNITED STATES DISTRICT JUDGE

James C. Mahan
U.S. District Judge

- 5 -